UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:22-cv-00170-FLA-PD                                        Date: April 8, 2022

Title   *James Lowther v. City of Irvine, et al.*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal

    On February 1, 2022, Plaintiff James Lowther ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, along with other federal statutes, alleging that Defendants the City of Irvine, Irvine Police Officer Brandon Kiefer, Irvine Police Officer James Do, Irvine Public Safety Officer Alden Zhang, and Michelle Traci Matkowski violated his rights. [Dkt. No. 1.] The Complaint purports to raise claims for "Police Misconduct, Harassment, Intimidation, HIPAA[1] violation, Discrimination, Civil Rights, [and] Freedom of Information Act (FOIA)." [*Id*. at 1, 6-9.] Plaintiff seeks compensatory and punitive damages, along with "personal information" regarding Defendant Michelle Traci Matkowski. [*Id*. at 10.]

    On February 25, 2022, the Court dismissed the Complaint with leave to amend. [Dkt. No. 4.] The Court ordered Plaintiff to file, no later than March 25, 2022, a First Amended Complaint that corrected the defects identified by the Court in its February 25, 2022 Order. [*Id*.] Two weeks have now passed since Plaintiff's First Amended Complaint was due, and Plaintiff has neither filed his First Amended Complaint nor communicated with the Court about his case since February 1, 2022.

---

[1] The federal Health Insurance Portability and Accountability Act ("HIPAA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:22-cv-00170-FLA-PD                                   Date: April 8, 2022

Title     *James Lowther v. City of Irvine, et al.*

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's February 25, 2022 Order.

However, in the interests of justice, **Plaintiff is ORDERED TO SHOW CAUSE on or before April 21, 2022**, why the Court should not recommend that this action be dismissed for failure to prosecute.

Plaintiff may discharge this Order by filing:

(1) a request setting forth good cause for an extension of time to file a First Amended Complaint and a declaration signed under penalty of perjury, explaining why he failed to comply with the Court's February 25, 2022 Order; or
(2) a First Amended Complaint.

Alternatively, if Plaintiff does not wish to pursue this action, he may file a signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41(a)(1)(A).  **The Clerk is directed to provide Plaintiff with a Form CV-09 Notice of Dismissal.**

Plaintiff is advised that the failure to timely comply with this order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.

**IT IS SO ORDERED**.

|  |  :  |
|---|---|
|  | im |
|  | Initials of Preparer |