UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LOWTHER,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF IRVINE, et al.,<br><br>              Defendants. | Case No. 8:22-cv-00170-FLA-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.   Pertinent Procedural History and Plaintiff's Claims

On February 1, 2022, Plaintiff James Lowther ("Plaintiff"), a California resident proceeding pro se, filed a Complaint against Defendants the City of Irvine, Irvine Police Officer Brandon Kiefer, Irvine Police Officer James Do, Irvine Public Safety Officer Alden Zhang, and Michelle Traci Matkowski.  Dkt. 1 at 2-3.  The Complaint purports to raise claims for police misconduct, harassment, intimidation, discrimination, and violations of the Health Insurance Portability and Accountability Act ("HIPAA") and the Freedom of Information Act ("FOIA").  *Id.* at 1, 6-9.  Plaintiff also filed a request to proceed in forma pauperis ("IFP Request").  Dkt. 2.  The court granted Plaintiff's IFP Request.  Dkt. 5.

On February 25, 2022, the court screened the Complaint pursuant to 28 U.S.C. § 1915 and dismissed the Complaint for: (1) failing to adhere to Rule 8 of the Federal Rules of Civil Procedure; (2) failing to state a cognizable constitutional claim under 42 U.S.C. § 1983; (3) impermissibly raising federal criminal law claims against Defendants; (4) failing to state a claim under HIPAA; (5) failing to state a discrimination claim under 42 U.S.C. § 2000; (6) failing to state claims under 34 U.S.C. §§ 12601 and 10228; and (7) failing to state claims against the City of Irvine and Traci Matkowski. Dkt. 4. The Order granted Plaintiff leave to file an amended Complaint by March 25, 2022. *Id*.

On April 8, 2022, the court issued an Order to Show Cause (the "OSC") after Plaintiff failed to file an amended Complaint. Dkt. 6. The OSC ordered Plaintiff to file either: (1) a request setting forth good cause for an extension of time; or (2) an amended Complaint. *Id*. The OSC also warned Plaintiff that failure to comply by April 21, 2022 may result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) ("Rule 41(b)") and Local Rule 41-1.

To date, Plaintiff has failed to comply with the February 25, 2022 Order and the April 8, 2022 OSC, and has not otherwise communicated with the court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

II. **Discussion**

Rule 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d

639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the court's docket—weigh in favor of dismissal. Plaintiff has not filed an amended Complaint. Plaintiff's failure to file an amended Complaint or show good cause for his delay prevents the court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor—prejudice to Defendants—does not counsel in favor of dismissal because Defendants have not been served and may otherwise be unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the court attempted to avoid outright dismissal by giving Plaintiff ample time and several opportunities to communicate with the court and file an amended Complaint. Plaintiff was also expressly warned that failure to comply with the court's orders could result in dismissal. *See* Dkts. 4, 6. Thus, the court explored the only meaningful alternatives to dismissal in its

arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor—the general policy favoring resolution on the merits—ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four of the five factors support dismissal, and the Court concludes that dismissal for failure to prosecute is warranted. This matter is hereby dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: May 16, 2022

_____
Honorable Fernando L. Aenlle-Rocha
United States District Judge

Presented by:

_____
Honorable Patricia Donahue
United States Magistrate Judge